UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA BALDWIN, | ) | CASE NO.: 1:22-CV-02077 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Donna Baldwin to the Report and Recommendation ("R&R") of the Magistrate Judge. On August 8, 2023, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On August 22, 2023, Baldwin objected to the R&R. On September 5, 2023, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

1

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Baldwin contends that the ALJ failed to address the affect her migraines had on her ability to perform work related activities when her migraines were present. Doc. 15, p. 2. Specifically, Baldwin asserts that the ALJ and the Magistrate Judge failed to acknowledge or discuss the frequency and severity of the migraines she experienced despite medication and ongoing treatment and therefore the ALJ's RFC was not supported by substantial evidence. Doc. 15, p. 3, 4. The Magistrate Judge concluded that the ALJ properly evaluated Baldwin's migraine symptoms. Doc. 14, p. 39. The R&R sets forth ten pages of analysis of Baldwin's argument that the ALJ failed to properly evaluate her migraine symptoms. Doc. 14, p. 39-49. Notable, the R&R states as follows:

> Here, in contrast, the ALJ's RFC addressed Baldwin's migraines—the ALJ limited Baldwin to no hazards "due to her headache complaints." Tr. 31. And the ALJ's RFC limiting Baldwin to "light" work was also based in part on Baldwin's migraines. Tr. 31; see also Tr. 68, 76 (state agency reviewers' opinions). Also, unlike the ALJ in Wessell, the ALJ here didn't rely only on negative neurological findings and he also cited Baldwin's non-compliant treatment, inconsistent statements, and intact mental exam findings despite contemporaneous allegations of "very high pain levels 8-10/10." Tr. 25–31. Finally, neurological findings are relevant in Baldwin's case because Baldwin and multiple providers opined that Baldwin's migraines and headaches likely or possibly stemmed from her cervical spine impairment, as described above. Notably, the claimant in *Wessell* didn't allege a related spinal impairment. 2015 WL 5036775, at *3 (listing the claimant's alleged impairments as knee problems, migraines, depression, and anxiety).
>
> Finally, Baldwin submits that the ALJ "failed to acknowledge well-documented reports of headaches in excess of 15 per month and often nearly daily despite compliance with treatment." Doc. 9, at 23; Doc. 13, at 4. This argument fails. First, the ALJ found that Baldwin wasn't always compliant with treatment, as discussed above. Second, the ALJ acknowledged that Baldwin reported "30–32 headaches a[ ] month." Tr. 29. *See also* Tr. 31 (ALJ stating that she reviewed Baldwin's 2020 headache journal showing "nearly daily migraines of long duration"). The ALJ also discussed the severity of Baldwin's headaches. Tr. 26, 29 (describing Baldwin's emergency room behavior in 2018 and 2019 indicating distress); 30 (stating that Baldwin's "complaints of severe

2

and frequent headache[]s continued" in 2021). So the ALJ "acknowledge[d]" the frequency and severity of Baldwin's headaches. In fact, the ALJ observed that, despite Baldwin's complaints of near-daily, severe headaches:
> visits with providers show an intact presentation with normal mental status exam findings, the claimant in no acute distress, and typically pleasant, cooperative, interactive, and alert, other than the earlier emergency department visits largely prior to her [cervical spine surgery] (15E).

Tr. 30; see also Tr. 31 ("Given the frequency and duration of [Baldwin's] reported headache symptoms, the very normal mental status exam findings and intact neurological evaluations throughout the record are not consistent").

For all these reasons, the ALJ didn't err when evaluating Baldwin's migraine symptoms and the ALJ's decision is supported by substantial evidence. So it must be affirmed.

Doc. 14, p. 47-49.

As the R&R notes, the ALJ did in fact address "the anticipated frequency of Baldwin's migraines, their duration, and the effect her migraines have on her ability to work while a migraine is occurring." Doc. 15, p. 2. The ALJ evaluated Baldwin's argument and concluded that her testimony and arguments regarding the severity and frequency of her migraines was not supported by the objective medical evidence. In other words, assuming the truth of Baldwin's allegations of near daily headaches, even while suffering, she still presented with a normal mental status, not in acute distress and typically present at medical exams. The Court concludes that the R&R correctly determined that the ALJ properly considered Baldwin's migraines and therefore the RFC was supported by substantial evidence.

Next, Baldwin contends that the R&R misconstrues her arguments and statements about non-compliance with treatment. Doc. 15, p. 5. Baldwin contends that her arguments "emphasized the that the ALJ references to alleged or suggested non-compliance are incomplete and inaccurate in the context of the entire record." Doc. 15, p. 6. The R&R sets forth three pages of evidence supporting the ALJ's conclusions regarding non-compliance. Doc. 14, p. 40-43. Baldwin does

3

not dispute the evidence cited in the R&R, nor does she explain why any error in construing her argument would change the outcome of the R&R. Baldwin fails to demonstrate that the ALJ failed to apply the proper standard or support the findings with substantial evidence and instead, only points this court to evidence to support her alternative conclusion. Such an argument requires the Court to re-weight the evidence, which this court cannot do.

For these reasons, Baldwin's objections are OVERRULED. This R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: October 12, 2023                                   /s/ *John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE